IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARSHA HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:15-cv-921-WKW |
| | ) |
| TRUSTMARK NATIONAL BANK, | ) |
| | ) |
| Defendant. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are Plaintiff's request for a preliminary injunction and Defendant's Motion to Dismiss.  For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's request for a preliminary injunction be DENIED, and that Defendant's Motion to Dismiss be GRANTED.

## I.    Factual and Procedural History

On November 5, 2015, Plaintiff Tarsha Hunter ("Plaintiff") filed the above-styled cause in the Circuit Court of Montgomery County, Alabama. In her complaint, Plaintiff alleged that Trustmark National Bank ("Defendant") engaged in illegal foreclosure practices under the Fair Debt Collection Act ("FDCA") when Defendant foreclosed on the home Plaintiff was renting.  Based upon federal question and diversity of citizenship, Trustmark removed the case to federal court.

Plaintiff requested relief in the form of a temporary restraining order, preliminary injunction, punitive and exemplary damages, and actual and compensatory damages.  She

also requested that the court set aside the foreclosure sale. Plaintiff's request for a temporary restraining order was denied. The case was then referred to the undersigned Magistrate Judge for further proceedings.

## II. Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, a court accepts the nonmovant's allegations as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984), and construes the pleading in the nonmovant's favor, *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of the pleading, the court is guided by a two-prong approach: (1) the court is not bound to accept conclusory statements of the elements of a cause of action, and (2) where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009). "[A nonmovant's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a pleading need not contain "detailed factual allegations," but instead the pleading must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Ordinarily, in considering a motion to dismiss, the court does not consider matters presented outside the pleadings. However, "[i]n ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the [nonmovant'

s] claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010) (citations omitted).

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). A party moving for injunctive relief must show the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to the movant outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.; McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (*citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989)). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. *See McDonald's Corp.,* 147 F.3d at 1306; *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

3

### III.    Discussion

Defendant's motion to dismiss should be granted because Plaintiff has failed to satisfy the pleading requirements of FRCP 8(a)(2).   As such, Plaintiff's request for preliminary injunction is due to be denied because Plaintiff fails to demonstrate a substantial likelihood of success on the merits of her case.

> **A. Defendant's Rule 12(b)(6) Motion to Dismiss is due to be granted because Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure 8(a)(2).**

The factual allegations in Plaintiff's complaint are brief.   Plaintiff states that: (1) she had a "lease to purchase" property with the mortgagor of Defendant; (2) in October 2015, Defendant foreclosed on the property she leased; (3) Defendant delivered some type of notice to mortgagor – who did not live in the home – on November 3, 2015; and (4) the mortgagor never informed Plaintiff about the foreclosure sale. The remainder of Plaintiff's complaint consists of statements averring that Defendant has engaged in an illegal foreclosure sale and in abusive, deceptive, and unfair collection in violation of the Fair Debt Collection Practices Act ("FDCPA").   Assuming that all of Plaintiff's factual allegations in her complaint are true, the court cannot construct the allegations in a way that will support Plaintiff's cause(s) of action.

With regards to Plaintiff's assertions that are based upon the FDCPA, Plaintiff must be considered a consumer for a claim to accrue.  *See Kaplan v. Assetcare*, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000).   In order to prove an FDCPA claim, a plaintiff must show: (1) that plaintiff is the object of collection activity arising from consumer debt; (2) that defendant is a debt collector as defined by FDCPA; and (3) that

4

defendant engaged in an act or omission prohibited by the FDCPA.  *Id.*  Plaintiff's factual statements make clear that she is *not* the consumer because she does not claim a contractual debt obligation with Defendant.  Neither does Plaintiff assert that Defendant is attempting to collect a debt from her.  Instead, Plaintiff's complaint suggests that Plaintiff's *lessor* holds the contractual debt with Defendant as Defendant's mortgagor.

Even if Plaintiff were considered to be a consumer, Plaintiff cannot show that Defendant is a debt collector as defined within the FDCPA.  "The FDCPA defines a 'debt collector' as a person who uses an instrumentality of interstate commerce or the mails in a business which has the principal purpose of collecting debts, or who regularly collects debts owed to another."  *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) (citing 15 U.S.C. § 1692a(6)).  "It is well-established that mortgage servicers do not fall within the definition of debt collector[s]."  *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) (citing *Warren*, 342 F. App'x at 460 (determining that "the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA")).

Because Plaintiff is not a consumer and because foreclosing on a home is not debt collection for purposes of § 1692g, no construction of Plaintiff's factual allegations could provide relief for Plaintiff under the FDCPA.

To the extent that Plaintiff is presenting claims of illegal foreclosure that are not based upon the FDCPA, Plaintiff again fails to state a claim(s) upon which relief can be granted.  Assuming *arguendo* that Plaintiff has standing to challenge the foreclosure sale as a mere tenant of the mortgagor, there are no factual allegations supporting any claims

that the foreclosure was improper[1]. While it should be noted that Plaintiff's claims are not entirely clear, a liberal construction of the complaint could create "split the note"[2] and "show me the note"[3] allegations. However, no construction of Plaintiff's factual allegations could provide relief for Plaintiff under those claims.

**B. Plaintiff's request for a preliminary injunction is due to be denied because Plaintiff fails to demonstrate a substantial likelihood of success on the merits.**

Because Defendant's Rule 12(b)(6) motion to dismiss should be granted, Plaintiff is unable to demonstrate "a substantial likelihood of success on the merits." As such, Plaintiff fails to meet the standard for a preliminary injunction to issue. Plaintiff's request for preliminary injunction should therefore be denied.

---

[1] Under Alabama law, a claim for wrongful foreclosure is valid only where the foreclosure sale is conducted for an improper purpose. *Reeves Cedarhurst Dev. Corp. v. First American Fed. Sav. & Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992). An improper purpose is limited to a situation where a party perverts the power of sale for the purpose of oppressing the debtor or enabling the creditor to acquire the property himself. *Wittmeier v. Tidwell*, 147 Ala. 354, 357 (1906). Here, Plaintiff has not argued that the power of sale was exercised for any purpose other than to secure the debt owed by Plaintiff's landlord. Therefore, Plaintiff presents no basis on which this court can conclude the foreclosure sale was for an improper purpose and thereby illegal. *See Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 172 (Ala. 2012) (denying plaintiffs relief because plaintiffs did not argue or allege that the power of sale was exercised for any purpose other than to secure the debt owed by them)..

[2] To the extent that Plaintiff is alleging the foreclosure was illegal because of a separation of the note and mortgage, her argument is contrary to Alabama law. *See Coleman v. BAC Servicing*, 104 So. 3d 195 (Ala. Civ. App. 2012). Alabama follows the common-law rule that an assignment of the mortgage, in the absence of language evidencing otherwise, also transfers the debt secured by the mortgage, except as to innocent purchasers of the note. *Crum v. LaSalle Bank, N.A.*, 55 So. 3d 266, 268-70 (Ala. Civ. App. 2009). Federal district courts have held the same. *Mac v. Brooks*, 3:11-cv-313, 2011 WL 3794683, at 5-6 (M.D. Ala. Aug. 2011). Here, Mortgage Electronic Registration Systems, Inc., the original mortgagee, assigned the mortgage to Defendant on August 18, 2015. Def.'s Mot. (Doc. 5-3). That document did not contain language reserving the transfer of the debt. Therefore, that assignment was sufficient under Alabama law to transfer the indebtedness and power of sale to Trustmark, making Plaintiff's "split the note" allegations meritless.

[3] To the extent Plaintiff is alleging the foreclosure was illegal because Defendant is not the holder of the note or that the note was not properly endorsed, Alabama courts have held that a party seeking to foreclose does not need to produce the actual promissory note and mortgage prior to initiating foreclosure proceedings. *Graveling v. Castle Mortgage Co.*, No. 14-15198, 2015 WL 6847947, at *5 (11th Cir. Nov. 9, 2015) (citing Alabama cases and Ala. Code §§ 35-10-11 to 14 (1975).

## IV.    Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's request for a preliminary injunction (Doc. 1) be DENIED; and

2. Defendant's motion to dismiss (Doc. 5) be GRANTED.

It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before March 3, 2016.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 18th day of February, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE