IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TARSHA HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  2:15-cv-921-WKW |
| | ) | |
| TRUSTMARK NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 14, 2015, Counter-claimant/Defendant, Trustmark National Bank ("Trustmark"), alleging federal question and diversity jurisdiction, removed to this court a case filed by Counter-defendant/Plaintiff, Tarsha Hunter ("Hunter").  Concurrent with removal, Trustmark filed an Answer and Counterclaim (Doc. 2) to Hunter's complaint.  On January 4, 2016, Trustmark filed a Motion to Dismiss (Doc. 5) Hunter's complaint.  The undersigned Magistrate Judge entered a Recommendation (Doc. 9) on February 18, 2016, which recommended that Trustmark's Motion to Dismiss (Doc. 5) be granted.  Neither party filed objections to the Recommendation.  On March 16, 2016, the United States District Judge entered an Order (Doc. 10) adopting the undersigned's Recommendation (Doc. 9), and entered Final Judgment (Doc. 11) in the case.  On April 1, 2016, Trustmark filed a Motion for Summary Judgment (Doc. 13) on its counterclaim, which is now pending before the court.  To date, Hunter has not answered Trustmark's counterclaim, nor has she responded to Trustmark's motion for summary judgment.

Trustmark's counterclaim involves real property located at 708 Evanwood Drive, Montgomery, Alabama 36117.  Doc. 2 at 7.  As mortgagee of said property, Trustmark foreclosed on the property due to the default on the mortgage loan by the mortgagors, Erica R. and Terry L. Madden, who rented the property to Hunter.  Doc. 2 at 6, 7.  According to Trustmark, Trustmark purchased the property at a foreclosure sale on October 6, 2015, and Hunter has failed to vacate the premises.  Doc. 2 at 7.  Therefore, Trustmark's counterclaim asks the court to "[e]nter a judgment for possession in favor of Trustmark . . . awarding possession of the premises to Trustmark, and if necessary to issue a Writ of Possession."[1] Doc. 2 at 7.  Trustmark asserts that the court has supplemental jurisdiction over its counterclaim because the court has jurisdiction over the removed action – *i.e.*, Hunter's complaint – pursuant to 28 U.S.C. §§ 1332 and 1441.  Trustmark specifically alleges diversity jurisdiction over its counterclaim, stating that "[c]omplete diversity of citizenship exists between Trustmark and Hunter and the amount in controversy in the litigation exceeds $75,000.00, exclusive of interest and costs."  Doc. 2 at 6.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003).  Therefore, on May 17, 2016, the undersigned entered an Order (Doc. 15) directing Trustmark to show cause, if any there be, why the court has jurisdiction to hear its counterclaim for possession of the

---

[1] Similarly, Trustmark's Motion for Summary Judgment asks that the court enter judgment "in favor of the Defendant/Counterclaim Plaintiff Trustmark National Bank and against Plaintiff/Counterclaim Defendant Tarsha Hunter; [t]hat immediate possession of the real property set forth above and in Trustmark's Counterclaim be awarded to Trustmark and that Trustmark is entitled to a writ of possession; and [t]hat costs be hereby taxed against Plaintiff/Counterclaim Defendant Tarsha Hunter."  Doc. 13 at 5.

aforementioned property.   Specifically, the court noted its concern that Trustmark's counterclaim has no independent basis of jurisdiction thereby hinging the court's jurisdiction, if any, on supplemental jurisdiction.   Doc. 15 at 3.   Trustmark filed its Response to Show Cause (Doc. 16) on May 20, 2016.[2]   In that response, Trustmark alleged original jurisdiction and supplemental jurisdiction over the counterclaim, and provided the court with its justifications for such jurisdiction.   The undersigned will address each basis for jurisdiction, in turn.

## I.   Original Jurisdiction

Trustmark asserts that its counterclaim for possession has an independent jurisdictional basis based upon diversity; however, Trustmark's counterclaim does not satisfy the amount in controversy requirement.

It should first be noted that nowhere in its counterclaim for possession does Trustmark seek a specific amount of damages from Hunter; instead, Trustmark requests that the court determine its right to possess and to issue a writ of possession if necessary. Doc. 2 at 7.   In an attempt to establish that more than $75,000.00 is at stake for such a request, Trustmark asks the court to consider the underlying value of the property, and provides the court with the tax appraisal of the property, $282,000.00, and the sale price at foreclosure, $205,800.00.   Doc. 16 at 3, 4.

---

[2] On June 25, 2016, Hunter also filed a "Response to Show Cause to No Response to Counterclaim, Petition to Vacate and Set Aside Counterclaim for Possession of Property" (Doc. 17).  It appears to the undersigned that Hunter filed the response believing that she was required to show cause as well.  *See* Doc. 17 at 1 ("I, Tarsha Hunter, Plaintiff, submits this response to the Court's Order to show cause why no response was made on my behalf due to correspondence from courts dated 04/26/16, not allowing or requesting response from Plaintiff, Tarsha Hunter.").  However, as noted above, the court's order to show cause (Doc. 15) was addressed to Trustmark regarding whether the court has jurisdiction to hear Trustmark's counterclaim; therefore, Hunter was not required to respond.

While the property value – by foreclosure sale price or by tax appraisal – is arguably more than $75,000.00, Trustmark's valuation argument is unavailing inasmuch as Trustmark filed a statutory ejectment counterclaim under Alabama law seeking possession of the aforementioned property. *EB Investments, LLC v. Atlantis Dev., Inc.,* 930 So.2d 502 (Ala. 2005) (finding claim to be one in ejectment under § 6-6-280(b), Ala. Code 1975, when the complaint alleged that plaintiff was entitled to possession of land because of its purchase of the land at a foreclosure sale and that the defendant was unlawfully detaining same): *see also MacMillan Bloedell, Inc. v. Ezell*, 475 So.2d 493, 496 (Ala. 1985) (recognizing that statutory ejectment under § 6-6-280(b) is possessory in nature). Therefore, since the core of Trustmark's counterclaim is limited to possession of the property, the underlying value of the home would not be the appropriate measure for determining the amount in controversy. *See Wells Fargo Bank, N.A. v. Campbell*, No. CA 15-0410-KD-C, 2015 WL 5853675, at *4 (S.D. Ala. Sept. 4, 2015) (determining that since the suit was limited to the right of possession under Ala. Code § 6-6-280(b), the removing parties could not rely on the value of the property to satisfy the amount in controversy requirement); *Fed. Nat'l Mortg. Assoc. v. Campbell*, No. 15-478-KD-M, 2015 WL 9460276, at * 4 (S.D. Ala. Dec. 1, 2015) (determining that defendants did not establish that removal pursuant to § 1332 was proper because defendants could not rely on the underlying home value in a suit for statutory ejectment under § 6-6-280(b)); *CitiMortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) ("[T]his court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."). Instead, the

4

amount in controversy would be tied to the value of the right to immediately possess the property, or occupy the same.  *See Everbank v. Brown*, 2014 WL 7332613, at *2 (N.D. Tex. 2014) (determining that the amount in controversy in a forcible detainer action is not the value of the property itself but instead the value of the right to occupy or to immediate possession of the property).

Although Trustmark has not alleged specific damages, a successful plaintiff under Ala. Code § 6-6-280(b) would be entitled to "mesne profits and damages for waste or any other injury to the lands."  Mesne profits are defined as "compensation for use and occupation of the property, or the fair rental value during the tortious or wrongful holding of the property."  *Pridgen v. Elson*, 242 Ala. 230, 232 (1941) (citing *Wiggins et al., v. Stewart Bros.* 251 Ala. 9, 11 (1926) ("mesne profits" are defined as the fair rental value of the property during the period of tortious holding)).  Assuming Trustmark purchased the property in October 2015, as it claims, and assuming that the underlying mortgage on the home was $254,285.00, as shown by the mortgage submitted by Trustmark, the undersigned cannot fathom that the fair rental value of the home for approximately seven months would add up to $75,000.00.[3]  Thus, even if Trustmark had requested mesne profits

---

[3] Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case meets the amount in controversy requirement. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met).  Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe,* 613 F.3d at 1061–62.  Accordingly, when a district court is determining whether a complaint meets the amount in controversy requirement, the applicable standard of review is whether it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum,

or other damages, which is the monetary amount of recovery allowed by the Alabama statute, the amount in controversy would likely not have been satisfied.

Because the amount in controversy is not satisfied for diversity jurisdiction over Trustmark's counterclaim, this court does not have original subject matter jurisdiction to hear the counterclaim.[4]

## II.  Supplemental Jurisdiction

Prior to 1990, whether federal courts had jurisdiction to hear counterclaims hinged upon whether the counterclaim was considered compulsory or permissive.[5]  *Barr v. Hagan*, 322 F. Supp. 2d 1280, 1284 (M.D. Ala. 2004).  Compulsory counterclaims, which arose

---

and the court may employ its "judicial experience and common sense" in making this determination.

[4] The undersigned has considered Trustmark's authority for using the value of the home as the amount in controversy, *Mapp v. Deutsche Bank Nat. Trust Co.*, No. 3:08-CV-695-WKW, but finds it distinguishable from this case.  2009 WL 3664118, at *2 (M.D. Ala. Oct. 28, 2009).  In *Mapp*, the plaintiff, who was the mortgagor of the defendants, sought to enjoin the defendants from foreclosing on his property.  *Id*. at *4.  After the defendants removed the case to federal court, the plaintiff filed a motion to remand.  *Id*. at *1.  This court denied the plaintiff's motion for reconsideration for remand, finding that the amount in controversy was satisfied for diversity jurisdiction over plaintiff's claims.  *Id*. at *1.  However, an important distinction lies between this case and *Mapp*.  In *Mapp*, the plaintiff was a *mortgagor* of the defendant; here, Hunter is a *tenant* of Trustmark's mortgagor, not the mortgagor, and the parties do not have an underlying contract.  Therefore, the interests of the *Mapp* plaintiff and Hunter differ.  In considering the underlying value of the home, this court noted: "[n]otwithstanding the fact that Alabama is a title theory state . . . the mortgagor, for all equitable and practical purposes, is deemed the 'owner' of the property.  Thus, [the *Mapp* plaintiff's] *ownership* interest in the real property – and the value thereof – [was] at stake in the litigation." *Id*. at *3 (emphasis added).  "[I]n sum, the [*Mapp*] case is removable when viewed from a real property perspective or a contract perspective.  And not to be overlooked here is that there is more freight on the dock than just an injunction." *Id*. at *4.

[5] "Under Federal Rule of Civil Procedure 13, counterclaims are categorized as either compulsory or permissive.  A compulsory counterclaim 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.' Fed. R. Civ. P. 13(a).  A claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims.  *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 (11th Cir. 1998) (citing *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.,* 755 F.2d 1453, 1455 (11th Cir. 1985)).  Any counterclaim that is not compulsory is permissive." *Barr v. Hagan*, 322 F. Supp. 2d 1280, 1284 (M.D. Ala. 2004).

from the "same transaction or occurrence" of a plaintiff's claim, always qualified for ancillary jurisdiction; permissive counterclaims required an independent basis for jurisdiction. *Id*.; *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n.1 (1974); *East-Bibb Twiggs Neighborhood Ass'n v. Mack Bibb Planning & Zoning Comm'n,* 888 F. 2d 1576, 1578 (11th Cir. 1989).  After Congress enacted 28 U.S.C. § 1367 in 1990, ancillary and pendent jurisdiction[6] were melded together into "supplemental jurisdiction."  *Barr*, 322 F. Supp. 2d at 1284 ("[I]n 1990, Congress adopted U.S.C.A. § 1367, which codified the judicially crafted doctrines of ancillary and pendent jurisdiction under the title of 'supplemental jurisdiction.'").  Under § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Several district courts have concluded that the enactment of § 1367 did not change a federal court's jurisdiction over counterclaims, *i.e.*, compulsory counterclaims still automatically qualify for supplemental jurisdiction and permissive counterclaims do not. *See, e.g., Hutton v. Grumpie's Pizza and Subs, Inc.*, No. 07-81228-CIV, 2008 WL 1995091, at *2 (S.D. Fla. May 7, 2008); *Robinson v. Roofs, Structures & Mgmt., Inc.,* No. 8:07-cv-1518-T-24-TBM, 2007 WL 4468695, at *2 (M.D. Fla. Dec. 18, 2007); *Mercer v.*

---

[6] Pendent jurisdiction allowed a plaintiff to join a state law theory of recovery to a federal question theory in the complaint when both arose from a "common nucleus of operative fact."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

*Palm Harbor Homes, Inc.*, No. 805-cv-1435-T-30-TGW, 2005 WL 3019302, at \*1 (M.D. Fla. Nov. 10, 2005).   However, other district courts, along with the First, Second, and Seventh Circuits, have determined that permissive counterclaims no longer require an independent basis of jurisdiction so long as they arise from the same case or controversy under Article III.  *See Global Naps, Inc. v. Verizon New England Inc.,* 603 F. 3d 71, 87 (1st Cir. 2010); *Jones v. Ford Motor Credit Co*., 358 F.3d 205, 213 (2d Cir. 2004); *Channell v. Citicorp Nat'l Servs., Inc*., 89 F.3d 379, 385 (7th Cir. 1996); *Bakewell v. Fed. Fin. Grp., Inc*., No. 1:04-cv-3538-JOF, 2006 WL 739807, at \*2 (N.D. Ga. March 21, 2006); *Hunt v. 21st Mortg. Corp.*, No. 2:12-cv-381-RDP, 2012 WL 3903783, at \*4 (N.D. Ala. Sept. 7, 2012).  The Eleventh Circuit has not yet determined this issue.  *Barr*, 322 F. Supp. 2d at 1284; *James D. Hinson Elec. Contracting Co., Inc. v. Bellsouth Telecomm.,* No. 3:07-cv-598-J-32MCR, 2011 WL 2448911 at \*2 (M.D. Fla. March 28, 2011); *Shepherd v. Kelly*, Civil Action No. 12-0424-WS-B, 2013 WL 105284 at \*2 (S.D. Ala. Jan. 8, 2013).

Regardless of whether Trustmark's counterclaim is considered compulsory or permissive, or whether the Eleventh Circuit still requires an independent basis for jurisdiction for a permissive counterclaim, § 1367(c) permits the court to decline to exercise supplemental jurisdiction in limited circumstances.  *See Parker v. Scrap Metal Processors, Inc*., 468 F.3d 733, 743 (2006) ("Whenever a federal court has supplemental jurisdiction under 28 U.S.C. § 1367(a), the court ordinarily should exercise that jurisdiction unless section 1367(b) or (c) applies."); *Murphy v. Florida Keys Elec. Co-Op. Ass'n, Inc*., 329 F.3d 1311, 1318-19 (11th Cir. 2003) (district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over a compulsory counterclaim pursuant to

§ 1367(c)(3) after it had dismissed the federal claims over which the court had original

jurisdiction); *Van Slyke v. Capital One Bank*, No. C07-00671-WHA, 2007 WL 4570187,

at *2 (N.D. Cal. Dec. 21, 2007) ("The same analysis applies to both permissive and

compulsory counterclaims.  In either case, the decision to exercise jurisdiction is within

the discretion of the district court.") (citing *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486,

1491 (9th Cir. 1985)).  Pursuant to § 1367(c), the district court has discretion to decline

supplemental jurisdiction in four situations:

> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[7]

Any one of the § 1367(c) factors is sufficient to give the district court discretion to dismiss

supplemental state law claims.  *Parker*, 468 F. 3d at 743.

Here, § 1367(c)(3) applies.  When the court dismissed Hunter's claims, it "dismissed

all claims over which [the court had] original jurisdiction," leaving only Trustmark's

counterclaim for possession of the property under Ala. Code § 6-6-280(b).  Trustmark

---

[7] Exceptional circumstances under § 1367(c)(4) include: judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

acknowledges that the court may decline under such circumstances, but urges the court to exercise jurisdiction because dismissing would unfairly reward Hunter and "further delay[] Trustmark's ability to possess property that it rightfully owns." Doc. 16 at 5. While the undersigned has considered those potentially unfavorable results, because the court has dismissed all claims over which it has original jurisdiction, the undersigned recommends that the court decline to exercise supplemental jurisdiction over Trustmark's state law counterclaim for possession of the property. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (remarking that district courts are "encouraged . . . to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial"). Whether Trustmark should be awarded possession of the property against Hunter, as a tenant of the property, is better suited for disposition in state court.[8]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

> (1) Trustmark's counterclaim (Doc. 2) be DISMISSED for the reasons stated above; and

> (2) Trustmark's Motion for Summary Judgment (Doc. 13) be DENIED as MOOT.

It is further

> ORDERED that Counter-claimant/Defendant, Trustmark National Bank, is DIRECTED to file any objections to the said Recommendation **on or before June 9, 2016**.

---

[8] Trustmark points the court to *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, for the proposition that a state court's jurisdiction over unlawful detainer actions "has never been held to be exclusive." 721 F. Supp. 281, 282 (S.D. Ala. 1989). The undersigned notes that, while that may be true, the court in *Mutual First, Inc.,* found that there was original jurisdiction over that action based upon diversity; the amount in controversy was clearly satisfied under any method of measurement. *Id*. at 283. While it may be appropriate in some instances for a federal court to delve into state law possessory claims, the undersigned concludes that it is not appropriate here.

A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Counter-claimant/Defendant, Trustmark National Bank, is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 26th day of May, 2016.


/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE