IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARSHA HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-921-WKW |
| ) | [WO] |
| TRUSTMARK NATIONAL BANK, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

On May 26, 2016, the Magistrate Judge filed a Recommendation (Doc. # 18) to which Defendant Trustmark National Bank timely filed objections (Doc. # 19). After *de novo* consideration of those portions of the Recommendation to which Trustmark objected, and in light of the record, the applicable law, and the arguments, the court finds that Trustmark's objections are due to be overruled and the Recommendation is due to be adopted.

Trustmark objects to the Recommendation on two bases: (1) the court should exercise supplemental jurisdiction over Trustmark's counterclaim for a state-law eviction claim because the court has already decided the issues which are dispositive of Trustmark's counterclaim and because the correct disposition of the counterclaim is clear as a matter of state law; and (2) the court has original jurisdiction over the counterclaim based upon diversity.

Trustmark concedes that the court is vested with discretion to decline to exercise supplemental jurisdiction for the reasons stated in the Recommendation. (Doc. # 19, at 4.) However, it urges the court to retain supplemental jurisdiction because it asserts that the court has already decided issues that are dispositive of the counterclaim and because the correct disposition of the pending counterclaim is clear as a matter of state law.

Contrary to Trustmark's assertion, the court has not attempted to determine Plaintiff's rights with respect to possession of the property as a tenant or lease-to-own tenant. When the Magistrate Judge recommended dismissal of Plaintiff's complaint, it was because the factual allegations in the complaint did not support Plaintiff's claims.[1] The court has not considered whether Plaintiff has recourse under state landlord/tenant law to remain in possession of the home. By exercising supplemental jurisdiction here, the court would be engaging in a state law eviction action, a matter that is better suited for a state court. This objection is without merit.

Trustmark's second objection is that the court has original jurisdiction pursuant to 28 U.S.C. § 1332 and that it has met the amount in controversy requirement. For this objection, Trustmark makes essentially the same arguments

---

[1] The Magistrate Judge entered a Recommendation on February 18, 2016 that recommended granting Trustmark's motion to dismiss. (Doc. # 9.) The Recommendation was adopted by order on March 16, 2016. (Doc. # 10.)

2

that the Magistrate Judge considered and rejected.[2] Defendant has failed to establish the requisite amount in controversy, and this objection is without merit.

Accordingly, it is ORDERED that:

(1)   Trustmark's Objections (Doc. # 19) are OVERRULED;

(2)   The Recommendation (Doc. # 18) is ADOPTED;

(3)   Trustmark's counterclaim (Doc. # 2) is DISMISSED; and

(4)   Trustmark's Motion for Summary Judgment (Docs. # 13) is DENIED as moot.

A separate final judgment will be entered.

DONE this 17th day of June, 2016.

                                                       /s/ W. Keith Watkins  
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Trustmark now asserts that it is prevented from conveying the title, the counterclaim's prayer for relief seeks possession of the property. (*See* Doc. # 2, at 7.)